UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

<u>Mary Seguin</u>

    v.                                Civil No. 12-cv-708-JD

<u>Lincoln D. Chafee, et al.</u>

<u>O R D E R</u>

Mary Seguin brought suit against Rhode Island Governor Lincoln Chafee; Chief Judge of the Rhode Island Supreme Court Paul Suttell; and two Rhode Island state officials, alleging federal and state claims based on state court custody proceedings that involved Seguin.  The court granted the defendants' motion to dismiss and terminated all other pending motions as moot. Seguin moves for reconsideration and in the same motion seeks a preliminary injunction and leave to file an amended complaint. Seguin filed motions for my recusal.[1]  The defendants objected to the motion for reconsideration but did not file a response to the motion for recusal.  Seguin filed a reply to the defendants' objection to her motion for reconsideration.[2]

---

[1] Seguin filed a "Motion to Recuse" (document no. 44) and a "Motion to Recuse Accompanying Plaintiff's Rule 59(e) Motion" (document no. 45).  The motions are substantially the same and are addressed together.

[2] The reply is titled "Plaintiff's Second Supplemental Memorandum in Suport [sic] of Plaintiff's Motion to Amend

I. <u>Motions for Recusal</u>

    Seguin moves for my recusal, pursuant to 28 U.S.C. § 455,

> for the appearance of condoning ex-parte petition removal of fundamental parental rights that states "the grandmother does not speak English," which the Judge states is meaningless and inconsequential to the outcome of parental termination without notice, a hearing or any transcribed recording (secret tribunal) which resulted in the termination of all parental rights for the past three years since January, 2010.

Doc. no. 45 at 1. Seguin represents that "[t]he Judge stated this in <u>Seguin v. Bedrosian</u>, 2012-614, and is extremely prejudicial to the Plaintiff mother, whose parental rights were terminated in the fashion described above." Doc. 45 at 1.

    A federal judge is required to recuse himself from a case "'in which his impartiality might reasonably be questioned.'" <u>United States v. Pulido</u>, 566 F.3d 52, 62 (1st Cir. 2009) (quoting 28 U.S.C. § 455(a)). The court's consideration of a recusal issue includes a determination of whether the circumstances in the particular case would support an objective appearance of partiality as well as actual bias. <u>Id.</u> "[J]udges should not recuse themselves lightly," and in the absence of a reasonable question of bias, judges have a duty to sit. <u>United States v.</u>

---

Judgment, to File an Amended Complaint, and for a Preliminary Injunction, and Response in Opposition to Defendants' Objection to Plaintiff's Rule 59e [sic] Motion to Amend Judgment."

Cruzado-Laureano, 527 F.3d 231, 239 (1st Cir. 2008) (internal quotation marks and citation omitted).

The order issued in Seguin v. Bedrosian, 12-cv-614-JD (D.R.I. Dec. 14, 2012), does not include the language or analysis Seguin represents is there. Instead, the court held that Seguin's charge of bias against the magistrate judge, because the magistrate did not cite to Seguin's allegation that the state custody orders were based on the statement that "the grandmother does not speak English," was insufficient to support her motion to vacate reference of her motion for a preliminary injunction to the magistrate judge. The court also held that Seguin's charges of bias against the state court judges, based on her perception that certain custody orders were made because "the grandmother does not speak English," were insufficient to show an exception to the Younger doctrine. The order does not say that an "ex-parte petition removal of fundamental parental rights that states 'the grandmother does not speak English, . . . is meaningless and inconsequential to the outcome of parental termination without notice . . ."

Therefore, Seguin has not provided adequate grounds to support her motions for recusal.[3]

---

[3]Seguin's arguments based on her assertions about the racial components of the populations of New Hampshire, Puerto Rico, and

II. <u>Motion to Alter or Amend Judgment</u>

After the court granted the defendants' motion to dismiss, judgment was entered against Seguin. Seguin moves to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). In support, Seguin argues that her due process rights were violated because she was not allowed to file an additional response to the motion to dismiss, that her complaint included sufficient allegations of a conspiracy, that the court applied the wrong <u>Younger</u> abstention standard, that the state courts do not provide an adequate forum, and that <u>Younger</u> abstention does not apply because the state court is corrupt. In her reply, Seguin argues that the standard under Federal Rule of Civil Procedure 12(b)(6) and dismissal of her claims violate the Seventh Amendment.

A motion under Rule 59(e) faces a high hurdle to succeed. <u>Latin Am. Music Co. v. ASCAP</u>, 642 F.3d 87, 91 (1st Cir. 2011). The moving party must show "an intervening change in the controlling law, a clear legal error, or newly-discovered evidence." <u>Soto-Padro v. Pub. Bldgs. Auth.</u>, 675 F.3d 1, 9 (1st Cir. 2012). New arguments and theories do not provide a basis

---

the United States are meritless. Further, <u>Palmore v. Sidoti</u>, 466 U.S. 429 (1984), which Seguin cites, is inapposite to the issue of recusal.

4

for reconsideration.  <u>Feliciano-Hernandez v. Pereira-Castillo</u>, 663 F.3d 527, 537 (1st Cir. 2011).  Therefore, "a party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that could, and should, have been made before judgment issued."  <u>Soto-Padro v. Pub. Bldgs. Auth.</u>, 675 F.3d 1, 9 (1st Cir. 2012).

    A.  <u>Opposition to Motion to Dismiss</u>

Seguin filed her original complaint on October 9, 2012, and an amended complaint on October 31, 2012.  The defendants filed a motion to dismiss the original complaint on November 7.  Seguin then filed a second amended complaint on November 9, without first seeking the defendants' consent or leave of court.  The defendants filed a motion to strike the second amended complaint and a motion to dismiss the amended complaint on November 14.

On November 23, 2012, Seguin filed "Opposition to Defendants' First and Second Motions to Dismiss and Plaintiff's Motion to Strike."[4]  Three days later, Seguin moved for an extension of time of forty-five days (document no. 29) to respond to the defendants' motion to dismiss (document no. 20) without

---

[4]The opposition (document no. 28) is addressed to the defendants' motion to dismiss (document no. 15) Seguin's original complaint and the defendants' motion to dismiss her amended complaint (document no. 20).

addressing the fact that Seguin had already filed her opposition to that motion.  In support of her motion for reconsideration, Seguin argues that her due process rights were violated because she was not permitted to file an additional response to the motion to dismiss as requested in motion for an extension of time.

    Seguin's Opposition filed on November 23 objected to the defendants' second motion to dismiss (document no. 20) on the grounds that it was "non-responsive" because she had filed a second amended complaint and that "Younger Abstention is but a continuous and repeated lie proffered by the counsel for the defendants and the defendants, . . . ."  Document no. 28 at 3.  With reference to her amended complaint, Seguin argues that she has alleged claims against the defendants "For an abhorrent scheme of ex-parte terminating the Plaintiff's parental rights based on petitions that textually states 'because the grandmother does not speak English' to set her up for extortion . . . ."  Id. at 4.  Seguin asserts that she "not only pleaded with specificity factual allegations of conspiracy, retaliation, discrimination and extortion, the Plaintiff has submitted hundreds of pages of documents showing F.B.I. investigation of criminal activities in the R.I. state family court proceedings . . . ."  Id. at 7.  She goes on to argue that Younger abstention does not apply to her

claims for damages based on her assertions of conspiracies and RICO activities. She also relied on the allegations on her improperly filed second amended complaint to support her opposition.

Seguin filed an opposition to the motion to dismiss. She cites no authority that would support a right to file two oppositions to a motion to dismiss. Because Seguin filed an opposition, her claim of a due process violation lacks merit.

B. <u>Remaining Grounds for Reconsideration</u>

Seguin argues that she alleged sufficient facts to support her claims and that the court misapplied the <u>Younger</u> abstention doctrine in this case. She also argues that dismissal of her claims violates the Seventh Amendment. Seguin has not shown a change in the law, a clear legal error, or newly discovered evidence to support her motion for reconsideration. Therefore, her motion is denied.

III. <u>Motion to Amend</u>

Seguin seeks leave to amend her complaint, stating that her proposed amended complaint would avoid the application of the <u>Younger</u> abstention doctrine by seeking only monetary relief. Contrary to Seguin's representations, however, the proposed

7

amended complaint seeks temporary and permanent injunctive relief and a declaratory judgment that the defendants obtained "the fraudulent [state court] order for the unlawful purpose of fraud, . . . ."  As pleaded, the proposed amended complaint is futile.

More importantly, judgment has entered in this case.  "The law in this circuit is clear that a district court may not accept an amended complaint after judgment has entered unless and until the judgment is set aside or vacated under Rules 59 or 60 . . . ."  Feliciano-Hernandez v. Pereira-Castillo, 663 F.3d 527, 538 (1st Cir. 2011).  Seguin's motion for reconsideration under Rule 59(e) is denied.  Therefore, her motion to amend also must be denied.

IV.   Motion for a Preliminary Injunction

Seguin seeks a preliminary injunction.  Because the case is dismissed and her motion for reconsideration is denied, that part of her motion is also denied.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion for recusal (documents no. 44 and 45) and her motion for reconsideration, a preliminary injunction, and to amend her complaint (document no. 46) are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge
(Sitting by designation.)

January 9, 2013

cc:  Mary Seguin, pro se
     Rebecca Tedford Partington, Esquire
     Susan E. Urso, Esquire